

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-13-2007

# USA v. Gavilanez

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3720

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Gavilanez" (2007). *2007 Decisions.* Paper 771.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/771

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3720
_____

UNITED STATES OF AMERICA

v.

ROGELIO GUTIERREZ GAVILANEZ
a/k/a
Domingo Gutierrez Gavilanez,
Rogelio Gutierrez Gavilanez,

Appellant.

_____

On Appeal From the United States District Court
for the District of New Jersey
(No. 06-cr-00185)
District Judge: Honorable Dickinson R. Debevoise

Submitted Under Third Circuit LAR 34.1(a)
Tuesday, June 19, 2007

Before: McKEE, FISHER, and CHAGARES, Circuit Judges.

(Filed July 13, 2007 )

_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Rogelio Gutierrez Gavilanez pleaded guilty to one count of attempted entry into the United States after deportation, 8 U.S.C. § 1326(a), (b)(2). At sentencing, the District Court calculated an advisory Guidelines range of 70-to-87 months in prison. Gavilanez sought a downward departure or downward variance, but the court imposed a within-Guidelines sentence of 70 months. Gavilanez appeals. For the reasons that follow, we will affirm.

I.

Since we write only for the parties, we will not state the facts separately. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). See United States v. Batista, 483 F.3d 193, 196 (3d Cir. 2007). We review the District Court's sentence for reasonableness, a standard akin to abuse of discretion. See United States v. Booker, 543 U.S. 220, 260-61 (2005); Rita v. United States, No. 06-484, 551 U.S. ---, 2007 WL 1772146, *9 (June 21, 2007) (appellate "reasonableness" review merely asks whether the trial court abused its discretion). A sentencing court acts reasonably when it meaningfully considers and rationally applies the factors set forth at 18 U.S.C. § 3553(a). See United States v. Schweitzer, 454 F.3d 197, 204 (3d Cir. 2006); United States v. Cooper, 437 F.3d 324, 329-30 (3d Cir. 2006). In United States v. Gunter, 462 F.3d 237 (3d Cir. 2006), we outlined a three-step process for district courts to follow in imposing sentences after

2

Booker:

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker.

> (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force.

> (3) Finally, they are required to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

Id. at 247 (internal citations and quotations marks omitted).

Heretofore, we have declined "to adopt a rebuttable presumption of reasonableness for within-guidelines sentences." Cooper, 437 F.3d at 331-32. "Although a within-guidelines range sentence is more likely to be reasonable than one that lies outside the advisory guidelines range, a within-guidelines sentence is not necessarily reasonable per se." Id. at 331.[*]

---

[*]The Supreme Court's recent decision in Rita v. United States holds that appellate courts may (but apparently need not) adopt a rebuttable presumption of reasonableness for within-Guidelines sentences. See Rita, 551 U.S. at ---, 2007 WL 1772146 , *3 (stating that the question presented "is whether the law *permits* the courts of appeals to use" a presumption of reasonableness) (emphasis added); id. at *6 (concluding that "a court of appeals *may* apply a presumption of reasonableness" to a within-Guidelines sentence) (emphasis added). Because Gavilanez's sentence is reasonable even in the absence of

Gavilanez first argues that the District Court should have imposed a downward departure (at Gunter's step two) or a downward variance (at step three) based on "cultural assimilation." Gavilanez originally came to this country when he was just seven-years old. He was raised here, educated here, and he started a family here. The body of Gavilanez's late son—whose grave he has never seen—is buried here, and Gavilanez's young grandson—whom he has never met—lives here. The theory is that a defendant like Gavilanez, who illegally reentered based on cultural and familial ties to the United States, is less blameworthy than a person who illegally reentered for an economic or criminal purpose. See generally Blair T. Westover, Note, Cultural Assimilation as a Mitigating Factor to Immigration Offenses under the Federal Sentencing Guidelines, 10 J. Gender Race & Just. 349 (2007).

As to the step-two argument, "[w]e have previously held that discretionary departures are not reviewable unless the District Court refused such a departure in violation of law." Batista, 483 F.3d at 199. Here, the District Court understood its authority to depart based on cultural assimilation, but declined to do so. As a result, we are without authority to review the District Court's decision. See id.

The step-three argument requires further discussion. Among the relevant sentencing factors are "the history and characteristics of the defendant." § 3553(a)(1).

---

such a presumption, we leave for another day the question of Rita's effect on Cooper.

Gavilanez's personal "history" includes the cultural and familial ties that bind him to the United States. See Rita, 551 U.S. at ---, 2007 WL 1772146 , *17 (Stevens, J., concurring) (noting "that § 3553(a) authorizes the sentencing judge to consider" a defendant's "family ties"). Moreover, Gavilanez's motives for reentering the United States—a desire to mourn his dead son and to hold his baby grandson—may well make him less culpable than, say, a drug mule. We therefore agree with Gavilanez that a sentencing court in an illegal-reentry case properly considers "cultural assimilation" as part of the § 3553(a) calculus. See, e.g., United States v. Roche-Martinez, 467 F.3d 591, 595 (7th Cir. 2006); United States v. Galarza-Payan, 441 F.3d 885, 889-90 (10th Cir. 2006).

In this case, the District Court did consider cultural assimilation as a relevant sentencing factor. The court, however, found this factor to be "counterbalanced" by Gavilanez's extensive criminal record. Appendix ("App.") 22. The District Court also noted that Gavilanez had repeatedly reentered illegally, and as a result "general and individual deterrence require[d] [a] relatively severe sentence." App. 23. After weighing all these factors, the court settled on a sentence at the very bottom of the advisory Guidelines range. This thoughtful balancing of the § 3553(a) factors was entirely reasonable.

### III.

Gavilanez also argues that the District Court should have imposed a downward variance "on the ground that his guideline range suggested a sentence that was extremely

5

harsh in comparison with the types of sentences received by illegal re-entry defendants in 'fast track' districts." Gavilanez Brief 16. Our decision in <u>United States v. Vargas</u>, 477 F.3d 94 (3d Cir. 2007), forecloses this argument. There, we held that "a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." <u>Id.</u> at 99. On the authority of <u>Vargas</u>, we must reject Gavilanez's fast-track argument.

## IV.

For these reasons, the District Court's sentence was reasonable. We will affirm its judgment.

6