

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2008

# USA v. Grimm

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2472

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Grimm" (2008). *2008 Decisions.* Paper 1035.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1035

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2472
_____

UNITED STATES OF AMERICA

v.

JOSHUA GRIMM,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 05-cr-0276-2)
District Judge: Honorable Arthur J. Schwab

_____

Submitted Under Third Circuit LAR 34.1(a)
June 2, 2008

Before:   FISHER, JORDAN, *Circuit Judges*,
and YOHN*, *District Judge.*

(Filed June 10, 2008)
_____

OPINION OF THE COURT
_____

_____
    *Honorable William H. Yohn, Jr., Senior Judge, United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

JORDAN, *Circuit Judge*.

Joshua Grimm appeals the sentence he received after being convicted of armed bank robbery. Finding no error in the sentence imposed by the District Court, we will affirm.

## I.     Background

Because we write solely for the parties, we assume familiarity with the case and discuss only those facts necessary to our decision. Grimm pled guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(d). As a result of his guilty plea, Grimm was subject to a statutory maximum term of imprisonment of 25 years. The United States Probation Office prepared a Presentence Investigation Report, which calculated Grimm's advisory Guidelines range to be 46 to 57 months of imprisonment. Grimm filed a motion for a downward departure pursuant to U.S.S.G. § 5K2.20, claiming that his criminal behavior was "aberrant." The District Court denied Grimm's motion and sentenced him to 46 months of imprisonment followed by 5 years of supervised release. In addition, the Court ordered Grimm to pay a special assessment of $100 and restitution in the amount of $15,892.

## II.    Discussion[1]

On appeal,[2] Grimm argues that the District Court committed procedural error in arriving at its sentencing decision. Specifically, Grimm alleges that the District Court erroneously treated the Guidelines as mandatory (rather than advisory) and that it failed to consider the factors listed in 18 U.S.C. § 3553(a). We disagree on both counts. Grimm points to nothing in the record to support his claim that the District Court applied the Guidelines as mandatory. Simply because the District Court sentenced Grimm within the advisory Guidelines range does not mean that the Court believed that it was without discretion to sentence him outside of the Guidelines range. Moreover, the District Court considered all of the § 3553(a) factors in arriving at its decision to impose a sentence of 46 months, and it thoroughly documented its reasoning underlying that decision.[3]

[1]The District Court exercised jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the sentence imposed by the District Court under an abuse-of-discretion standard. *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008).

[2]Grimm's plea agreement included a conditional waiver of his right to appeal. The government, in its brief, asks us to enforce that waiver, citing *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007), in which we stated that "we will not exercise [our] jurisdiction to review the merits of [a defendant's] appeal if we conclude that she knowingly and voluntarily waived her right to appeal unless the result would work a miscarriage of justice." In this case, however, the government has not pointed to any facts in the record tending to show that the waiver was knowing and voluntary, and the government has failed to ensure that the transcript of Grimm's change of plea hearing was included in the appendix before us. Because the government's brief addresses the merits of Grimm's arguments, under these circumstances, we will do the same.

[3]Grimm's brief is hardly a model of clarity, but portions of it could be construed to raise a challenge to the District Court's decision to deny Grimm's motion for a downward

Grimm next argues that his sentence is substantively unreasonable in light of his "youthful lack of guidance," his minimal role in the offense, the unsophisticated nature of the offense, the impact of his incarceration on his child, his remorse, his employment record and criminal history, and his acceptance of responsibility and willingness to cooperate with the government. (Appellant's Brief at 13, 15.) However, viewing the District Court's reasoned decision with deference, as we must, we cannot say that the sentence Grimm received amounts to an abuse of discretion.

## III. Conclusion

For the foregoing reasons, we will affirm the District Court's judgment of sentence.

---

departure. We lack jurisdiction to hear such a challenge in any event because "discretionary departures are not reviewable unless the District Court refused such a departure in violation of law." *United States v. Batista*, 483 F.3d 193, 199 (3d Cir. 2007). Because Grimm "does not claim that the District Court committed legal error by failing to understand its ability to grant a downward departure, ... but only that the District Court wrongly rejected his arguments in support of his motion for a downward departure, we are without jurisdiction to review his claim." *Id*.