ALD-166                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-1635

BRAULIO ANTONIO BATISTA,

Appellant

v.

UNITED STATES OF AMERICA

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 08-05014)
District Judge: Honorable William J. Martini

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6 and for
Request for a Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)
April 8, 2010

Before: SLOVITER, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed April 22, 2010)

OPINION

PER CURIAM

        After pleading guilty to one count of conspiracy to distribute 150 grams or more of

crack cocaine, Braulio Antonio Batista was sentenced by the United States District Court

for the District of New Jersey to 188 months of imprisonment. We affirmed Batista's

sentence on appeal. See United States v. Batista, 483 F.3d 193 (3d Cir. 2007). Batista

then moved in the District Court to reduce his sentence pursuant to 18 U.S.C.

§ 3582(c)(2).[1] On August 12, 2008, the District Court granted the motion and reduced

Batista's sentence to 151 months, the low end of the amended Guidelines range.

Shortly thereafter, Batista filed a motion pursuant to 28 U.S.C. § 2255, raising

several claims of ineffective assistance of counsel. On January 29, 2009, the District

Court denied the § 2255 motion on the merits, and we denied Batista's request for a

certificate of appealability. See Batista v. United States, CA 09-1640 (Oct. 28, 2009). In

between those two decisions, on April 6, 2009, Batista filed a motion in the District Court

for reconsideration of its order reducing his sentence pursuant to § 3582(c)(2).[2]

The Government filed an opposition to Batista's motion, imploring the District

Court to deny the motion as either meritless or untimely. Based on its local rules, the

District Court denied Batista's motion for reconsideration as untimely filed. The District

Court alternatively concluded that, "[t]o the extent that [Batista's] April 6, 2009 filing

---

[1] Batista relied on a retroactive amendment to § 2D1.1 of the United States Sentencing Guidelines, which reduced the base offense level for most quantities of crack cocaine by two levels. See United States v. Doe, 564 F.3d 305, 308 (3d Cir. 2009).

[2] In the motion for reconsideration, Batista stated that "[w]hile movant appreciates the court granting movant's motion, movant takes issue with this court's failure to lower movant's sentence below the 2 levels authorized under § 3582(c)(2)." The motion for reconsideration was docketed in the civil case opened for Batista's habeas proceedings, even though the § 3582(c)(2) proceedings were docketed in DC No. 03-cr-00514.

might be construed as a second or successive habeas petition, it does not meet the necessary prerequisites." Batista appealed.[3]

We agree with the District Court that Batista's motion for reconsideration, filed almost eight months after the underlying order was entered, was untimely. See D.N.J. Civ. R. 7.1(i) (requiring motions for reconsideration to be filed within 10 days of the underlying order for which reconsideration is sought); D.N.J. Crim. R. 1.1 (providing that D.N.J. Civ. R. 7.1(i) applies in criminal cases).

Accordingly, because the District Court did not abuse its discretion in denying Batista's motion for reconsideration, and because this appeal presents no substantial question, we will summarily affirm the District Court's February 19, 2010 order.

---

[3] We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the District Court's denial of a motion for reconsideration. See Max's Seafood Café v. Quineros, 176 F.3d 669, 673 (3d Cir. 1999). Summary affirmance is proper when "it clearly appears that no substantial question is presented" by an appeal. Third Circuit I.O.P. 10.6. In addition, because Batista's April 6, 2009 filing was, without question, a motion for reconsideration of the District Court's August 12, 2008 order concerning his § 3582(c)(2) motion, we do not consider the District Court's subsequent order denying reconsideration as a "final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). Accordingly, Batista is not required to obtain a certificate of appealability.