**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-4714

UNITED STATES OF AMERICA

v.

DANIEL HAMM,

Appellant.

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 1-07-cr-00344-001)
District Judge: Hon. John E. Jones, III

Submitted under Third Circuit LAR 34.1 (a)
on October 2, 2009

Before: AMBRO, GARTH and ROTH, Circuit Judges

(Opinion filed: May 5, 2010)

**O P I N I O N**

**ROTH,** Circuit Judge:

Daniel Hamm pled guilty to distribution of cocaine and crack cocaine, in violation

of 21 U.S.C. § 841(a)(1), and possession of a firearm by a convicted felon, in violation of

18 U.S.C. § 922(g)(1). At sentencing, the District Court determined that Hamm's base offense level was 24. After adding two levels for possession of a dangerous weapon in connection with a drug conspiracy, subtracting three levels for acceptance of responsibility, and denominating Hamm a career criminal, the District Court determined that Hamm's total offense level was 29. Hamm was sentenced to 170 months imprisonment.

Hamm appeals, alleging that the District Court erred in its interpretation of U.S.S.G. § 5K2.13 and in its failure to order an evidentiary hearing.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review a district court's decision concerning departure from the Sentencing Guidelines for abuse of discretion. *United States v. Lofink*, 564 F.3d 232, 237 (3d Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38 (2007)). However, we have no jurisdiction to review a District Court's decision to grant a downward departure, unless the District Court mistakenly believed it had no discretion to do so. *United States v. Batista*, 483 F.3d 193, 199 (3d Cir. 2007).

Here, the District Court considered Hamm's diminished mental capacity as laid out in the pre-sentence report. The District Court doubted whether Hamm was laboring under a diminished capacity as defined by Section 5K2.13 of the Sentencing Guidelines, noting that "[t]he mere diagnosis of panic attacks and a long history of violence and explosive disorders, including assaulting others, doesn't tie [section 5K2.13] up." Nonetheless, the District Court went on to review disqualifying factors and concluded that Hamm's

2

voluntary drug use, violent behavior, and criminal history disqualify him for a downward departure. *See* U.S.S.G. § 5K2.13 (listing factors which preclude the court from "depart[ing] below the applicable guideline range"). We hold that the District Court did not err in its interpretation of U.S.S.G. § 5K2.13. We also hold that the District Court acknowledged its discretion to depart downward but refused to do so on the facts of this case.

In light of the information contained in the pre-sentence report, as well as Hamm's failure to request a hearing, we find that the District Court did not commit plain error by declining to order an evidentiary hearing on Hamm's alleged diminished capacity.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.