NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3312
_____

UNITED STATES OF AMERICA,

v.

DEVIN ANTONIO HOCKADAY, a/k/a STEAL,

Appellant.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(4:CR-06-144)
District Judge:  Honorable Malcolm Muir
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
May 21, 2010

Before: FUENTES, HARDIMAN, and NYGAARD, Circuit Judges.

Opinion Filed: August 12, 2010
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

Devin Antonio Hockaday pled guilty to one count of conspiring to distribute

cocaine base in violation of 21 U.S.C. § 846 and one count of failing to appear for jury

-1-

selection and trial in violation of 18 U.S.C. § 3146(a)(1). He was sentenced to a Guidelines-range sentence of 135 months' imprisonment. In this appeal, Hockaday contends (1) that the District Court should not have applied a two-level sentencing enhancement for possession of a firearm, and (2) that his sentence is unreasonable on account of a disparity between his sentence and that of one of his co-conspirators. We disagree with both of these contentions and will affirm.[1]

## I.

Because we write primarily for the parties, we discuss the facts only to the extent necessary for resolution of the issues Hockaday raises on appeal. Hockaday and Markief Fields entered into a conspiracy to distribute crack cocaine to Jimmy Dale Doebler. Between 2005 and 2006, Hockaday and Fields would sell between one and one and one-half ounces of crack cocaine to Doebler three or four times per week. In 2005, Hockaday was robbed while buying drugs, and in November 2005, he purchased a firearm, which he carried on his person and in his car. The District Court found that he possessed the firearm in connection with his drug distribution activities. A fourth co-conspirator, Kalief Fields, joined the conspiracy in December 2005. Kalief Fields assisted with transportation of drugs—he would purchase the crack cocaine from suppliers in Philadelphia and deliver it to Doebler in Northumberland County, who would then sell

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

the drugs.

A government informant purchased drugs from Doebler, which alerted the authorities to the conspiracy. Police arrested the four men and charged Hockaday with conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. Prior to trial, Hockaday was released on home confinement; thereafter, he failed to appear for jury selection, having removed his electronic monitoring device and traveled out of state. Ultimately, Hockaday pled guilty to one count of conspiring to distribute cocaine base in violation of 21 U.S.C. § 846 and one count of failing to appear for jury selection and trial in violation of 18 U.S.C. § 3146(a)(1). The District Court imposed a Guidelines-range sentence of 135 months' imprisonment, and Hockaday filed this timely appeal.

## II.

Hockaday raises two issues related to his sentence: he argues that the District Court improperly applied a two-level sentencing enhancement for possession of a firearm in the course of his offense and that his sentence was substantively unreasonable because of a disparity between his sentence and that of Kalief Fields. As we now explain, neither argument is persuasive.

We review Hockaday's challenge to the imposition of the firearms enhancement, which is "essentially factual" in nature, for clear error. United States v. Drozdowski, 313 F.3d 819, 822 (3d Cir. 2002) (citation omitted). In Drozdowski, we explained:

> U.S.S.G. § 2D1.1(b)(1) requires courts to increase a defendant's offense level by two levels if a dangerous weapon [such as a firearm] was possessed by the

defendant in the course of a drug trafficking offense. Note (3) of the Commentary to § 2D1.1(b)(1) explains that this enhancement "reflects the increased danger of violence when drug traffickers possess weapons." The Note specifies that the "adjustment should be applied if the weapon was present, <u>unless it is clearly improbable that the weapon was connected with the offense</u>."

<u>Id.</u> at 820 (emphasis added).

The District Court had an ample factual basis to support its finding that Hockaday possessed a firearm in the course of his drug trafficking offense. Hockaday's own testimony confirmed that he purchased a .38 Taurus revolver during the course of the conspiracy. Moreover, the District Court found that he purchased this handgun as a result of the fact that he had recently been robbed while purchasing drugs, and Kalief Fields testified that Hockaday carried the firearm on his person and in his car. It was more than reasonable for the District Court to infer from these facts that Hockaday possessed this firearm in order to protect himself from being robbed while possessing substantial sums of money from his drug trafficking activities. <u>See</u> <u>United States v. Manigan</u>, 592 F.3d 621, 629 (4th Cir. 2010) ("[F]irearms that are readily accessible during drug activities can be deemed as possessed in connection there-with."). Certainly it was not "clearly improbable" that the handgun Hockaday carried had a connection to his drug trafficking activities, and the District Court's factual finding that the firearm was connected with Hockaday's offense was not clearly erroneous.[2] <u>Drozdowski</u>, 313 F.3d at 824. We

---

[2] By contrast, "an unloaded hunting rifle is a firearm that would not be readily connected to drug activities." <u>Manigan</u>, 592 F.3d at 629 (citation omitted).

therefore reject Hockaday's contention that the District Court improperly applied the two-level sentencing enhancement.

Equally unavailing is Hockaday's challenge to the substantive reasonableness of his sentence. When considering a challenge to the sentencing court's substantive application of the 18 U.S.C. § 3553(a) factors, our "review is highly deferential and we will affirm 'unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.'" United States v. King, 604 F.3d 125, 144 (3d Cir. 2010) (quoting United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc)). Hockaday argues that his sentence was unreasonable on account of the fact that his co-conspirator, Kalief Fields, received a shorter sentence for his drug conspiracy offense—Hockaday was sentenced to 120 months' imprisonment for conspiring to distribute crack cocaine,[3] while Fields was sentenced to thirty-four months' imprisonment.

Hockaday is of course correct that sentencing courts are required to account for "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" in their sentencing decisions. 18 U.S.C. § 3553(a)(6); see United States v. Batista, 483 F.3d 193, 199 (3d Cir. 2007). In this case, the imposition of different sentences upon Hockaday and Fields was not

---

[3] Hockaday also received a consecutive fifteen-month sentence for his offense of failing to appear for jury selection or trial.

"unwarranted" because the two defendants were not similarly situated, as the District Court explained. § 3553(a)(6). In particular, Fields cooperated with investigators (and received a downward departure for providing substantial assistance pursuant to U.S.S.G. § 5K1.1), played a comparatively smaller role in the drug distribution conspiracy, and did not possess a firearm in connection with his offense. By contrast, Hockaday did not cooperate with investigators, he removed his electronic monitoring device and fled the jurisdiction on the eve of trial, he played a significant role in the conspiracy, and he possessed a firearm in connection with his offense. The District Court did not abuse its discretion in relying upon these material distinctions to impose disparate sentences upon Hockaday and Fields. See Batista, 483 F.3d at199. The two defendants clearly were not similarly situated, and the disparity in their sentences was more than justified by the reasons given by the District Court.

## III.

For the foregoing reasons, we affirm the District Court's judgment.