NOT PRECEDENTIAL

UNITED STATE COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4779
_____

UNITED STATES OF AMERICA

v.

ALFRED STEWART,
                              Appellant
_____

On Appeal from the United States District Court
for the District of Middle District of Pennsylvania
(D.C. Criminal No. 1:10-cr-00085)
District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
February 10, 2012

Before: SLOVITER and VANASKIE, *Circuit Judges*, and POLLAK, *District Judge*[*]

(Filed: February 23, 2012)
_____

OPINION
_____

VANASKIE, *Circuit Judge.*

      Alfred Stewart pleaded guilty in the Middle District of Pennsylvania to possession

with intent to distribute cocaine base in violation of 21 U.S.C. § 841. Stewart was a

_____

      [*]The Honorable Louis H. Pollak, Senior District Judge for the United States
District Court for the Eastern District of Pennsylvania, sitting by designation.

1

career offender under the U.S. Sentencing Guidelines ("U.S.S.G."), resulting in a total offense level of 29 and a criminal history category VI, producing an advisory sentencing guideline range of 151 to 188 months. Stewart objected to the career offender designation and moved for a downward departure of one criminal history category under U.S.S.G. § 4A1.3(b)(1). The District Court denied the motion for downward departure, but granted a variance based on pertinent 18 U.S.C. § 3553(a) factors, ultimately sentencing Stewart to 110 months' imprisonment.

Stewart has appealed his sentence, asserting that the District Court erred by denying the departure motion and that he received a substantively unreasonable sentence despite the 41-month variance below the minimum prison term in the applicable guideline range. We reject these arguments and will affirm.[1]

I.

We generally do not review the denial of discretionary departure motions. *See United States* v. *Jackson*, 467 F.3d 834, 839 (3d Cir. 2006) ("courts of appeals . . . have no authority to review discretionary denials of departure motions in calculating sentencing ranges"). An exception exists if the "District Court refused such a departure in violation of law." *United States* v. *Batista*, 483 F.3d 193, 199 (3d Cir. 2007). If the District Court properly understood its authority to grant a departure, we lack jurisdiction to review the denial of a request for downward departure. *Id.*

---

[1]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction to decide this appeal pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

The record reveals that the District Court clearly understood its authority to grant the U.S.S.G. § 4A1.3 departure. The District Court adhered to the proper three-step sentencing procedure by calculating the advisory sentencing guideline range, ruling on the departure motion, and considering the factors under 18 U.S.C. § 3553(a). *See United States* v. *Gunter* 462 F.3d 237, 247 (3d Cir. 2006). In denying Stewart's departure motion, the District Court articulated its reasons on the record why Stewart's criminal history prohibited him from receiving a downward departure under U.S.S.G. § 4A1.3. This serves as clear proof that the District Court was aware of its authority to depart. Therefore, we lack authority to review Stewart's challenge to the denial of his departure motion.

## II.

A challenge to the substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We will not reverse a procedurally sound sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the District Court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Because a sentence within the guideline range may be presumed reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007), it is exceedingly difficult for a defendant to demonstrate that the benefit given by a below guideline range sentence is unreasonable. *See United States* v. *Cooper*, 437 F.3d 324, 331 (3d Cir. 2006) ("[A] within-guidelines range sentence is more likely to be reasonable than one that lies outside the advisory guidelines range.").

The District Court properly calculated the guideline range, then proceeded to consider the U.S.S.G. § 4A1.3 downward departure motion and § 3553(a) factors when fashioning Stewart's 41 month below-guideline range sentence. The District Court considered Stewart's role as a street-level dealer, the dates and weights of the drugs sold, the circumstances of his prior criminal history, and his cooperation with the authorities. Nevertheless, Stewart complains that the District Court gave too much weight to the career offender guideline. The argument is unavailing. Stewart is a recidivist with a prior criminal record that began at the age of thirteen and continued unabated through the instant offense of conviction. Stewart's record is comprised of multiple drug convictions, one of which included a firearm, a resisting arrest conviction, and a series of probation and parole violations. The District Court did not abuse its discretion by varying 41 months below the guideline range and in no way imposed an unreasonable sentence.

III.

For the foregoing reasons, we will affirm the judgment of sentence imposed by the District Court.