**ALD-270**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2107
_____

UNITED STATES OF AMERICA

v.

BRAULIO ANTONIO BATISTA,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-03-cr-00514-001)
District Judge:  Honorable William J. Martini
_____

Submitted for Possible Dismissal for Jurisdictional Defect or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 30, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed:  September 6, 2012)
_____

OPINION
_____

PER CURIAM.

   Braulio Antonio Batista pleaded guilty to a charge of conspiracy to distribute 150

grams or more of cocaine base ("crack cocaine") (he stipulated in his plea agreement that

462 grams of crack cocaine were involved in his offense, D. Ct. Docket Entry No. 60, p.

1

7, ¶ 3).  The District Court, assessing a offense level of 34 for the amount of crack cocaine involved plus a two-level enhancement for obstruction of justice for attempting to avoid trial by feigning mental illness, sentenced Batista to 188 months in prison.  We affirmed the judgment of sentence.  United States v. Batista, 483 F.3d 193 (3d Cir. 2007).

Subsequently, Batista filed a motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2) in light of the retroactively applied Amendment 706 to the Sentencing Guidelines (which lowered the base offense levels for crack cocaine offenses under § 2D1.1(c) of the Sentencing Guidelines by two levels).  The District Court granted the motion and reduced Batista's sentence, amending his offense level from 36 to 34 and reducing his sentence to 151 months in prison.

In February 2011, Batista returned to the District Court with a pro se motion for another reduction of sentence under § 3582(c)(2).  He cited the Fair Sentencing Act of 2010 ("FSA"), which altered the statutory penalties for crack cocaine offenses, and a then-pending amendment to the Sentencing Guidelines proposed in response to the FSA. He asked that the District Court consider his request for a reduction of sentence on the passage of the proposed amendment.  Ultimately, Amendment 750, which applies retroactively, see United States v. Curet, 670 F.3d 296, 309 (1st Cir. 2012), took effect on November 1, 2011, and lowered the base offense levels for crack cocaine quantities listed in U.S.S.G. § 2D1.1(c)  to conform to the FSA.[1]

---

[1]  Initially, in response to the FSA, the Sentencing Commission promulgated a temporary amendment that revised the crack cocaine quantity levels in U.S.S.G. § 2D1.1.

The District Court denied Batista's motion on March 13, 2012. Batista filed a notice of appeal on April 9, 2012, see Houston v. Lock, 487 U.S. 266, 270-71 (1988). We have jurisdiction over his appeal pursuant to 28 U.S.C. § 1291.[2] Our review of the District Court decision to deny Batista's motion for a sentence reduction under § 3582(c)(2) is for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). On review, we will affirm the District Court's decision because no substantial issue is raised on appeal. See L.A.R. 27.4; I.O.P. 10.6.

Under § 3582(c), a court may reduce a term of imprisonment where a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2); see also Mateo, 560 F.3d at 154. Accordingly, if Amendment 750 has the effect of lowering a defendant's guideline range, a court may reduce the term of imprisonment pursuant to § 3582(c). See U.S.S.G. § 1B1.10(a), (c). However, Amendment 750 did not change Batista's offense level, so his sentencing range did not change. As noted above, Batista stipulated in his plea agreement that 462 grams of crack cocaine were involved in his offense. Under § 2D1.1(c), as amended, a crime involving at least 280 grams but less than 840 grams of

---

Amendment 750 re-promulgated as permanent that temporary amendment. See Dorsey v. United States, -- U.S. --, 132 S. Ct. 2321, 2329 (2012).

[2] Although Batista filed his notice of appeal more than 14 days after the District Court entered its order denying the § 3582(c)(2) motion, see Fed. R. App. P. 4(b), we may entertain his appeal because the Government has informed us that it does not wish to enforce the time limitation. See Virgin Islands v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010).

3

crack cocaine has a base offense level of 32. U.S.S.G. § 2D1.1(c)(4). Batista's total offense level, with the two-level enhancement discussed above, remains at 34, and the guideline range remains the same as when the District Court reduced his sentence after his first motion under § 3582(c), see U.S.S.G. Sentencing Table, Ch. 5, Pt. A.

Batista's argues that he is nonetheless entitled to a reduction in his sentence because the stipulated amount of crack cocaine did not reflect the true amount of the controlled substance. According to him, the true amount was lower because the 462 gram mixture was only 52% pure (the crack cocaine had been adulterated with baking soda). However, his argument is without merit. Under the Sentencing Guidelines, "[u]nless otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." U.S.S.G. § 2D1.1(c)(4), Note A. Crack cocaine is not among those controlled substances otherwise specified. See U.S.S.G. § 2D1.1(c)(4), Note B. Accordingly, his sentence must be based on the entire amount of the mixture containing crack cocaine.

For these reasons, there was no basis on which to reduce Batista's sentence. Accordingly, the District Court did not err in denying Batista's motion, and we will affirm the District Court's decision.