**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2345

_____

UNITED STATES OF AMERICA

v.

NARESH RANE
a/k/a RAJ RANE,
                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-17-cr-00308-001)
District Judge: Zahid N. Quraishi

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 21, 2023

_____

Before: JORDAN, GREENAWAY, JR., and McKEE, *Circuit Judges*.

(Opinion Filed: May 4, 2023)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Rane filed falsified medical records in the District Court. Whether he did so with the purpose of delaying or diminishing his sentence is of no consequence: his actions are inconsistent with acceptance of responsibility. Contrary to Rane's suggestion, the District Court applied the proper legal standard and correctly considered conduct (a) after entry of a plea but before sentencing that (b) does not deny guilt of the underlying offense. Attempting to delay or lessen the consequences of one's criminal actions through fraud on the sentencing court, without more, can properly form the basis for denying an adjustment for acceptance of responsibility.

## I.     FACTS

Naresh Rane owned and operated a business purporting to offer training and certification in massage therapy. In actuality, the business was a sham, offering falsified transcripts and certifications, at least in part, to provide cover for prostitution services.

Rane was indicted for various crimes related to promoting prostitution under federal law and pleaded guilty to one count of using facilities in interstate commerce to promote prostitution, in violation of 18 U.S.C. § 1952(a)(3). In his plea agreement, Rane agreed to a total offense level of 15, including a two-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. The plea agreement noted that this reduction was contingent upon Rane's "acceptance of responsibility continu[ing] through the date of sentencing." A30. At that time, Rane had admitted guilt and seemingly agreed to cooperate with the government.

2

This cooperation would be short-lived. Between April 2018 and September 2021, Rane submitted multiple fabricated documents to the court, purporting to document dire health conditions that prevented him from proceeding with his sentencing. Rane now admits that at least some of these documents were false, reflecting conditions he did not have.[1] Moreover, Rane admits that he submitted these false documents to (a) "delay his sentencing" and (b) "obtain a more lenient sentence based on his medical conditions."[2] A62. These documents, at least in part, had their intended effect: the District Court adjourned Rane's sentencing numerous times based on the false representations reflected in the documents.

Rane's deception would not go unnoticed forever. When a Probation Officer grew suspicious of the authenticity of the documents, an investigation began, ultimately revealing that the documents had been fabricated. As a result, the Probation Office altered its sentencing recommendation, concluding that Rane no longer merited a reduction for acceptance of responsibility. Indeed, the Probation Office concluded that Rane should receive an enhancement for obstruction of justice pursuant to U.S.S.G. §3C1.1.

At Rane's sentencing hearing, the District Court adopted these recommendations, concluding that "based on the totality of the circumstances" Rane was "not eligible for

---

[1] It is unclear exactly how many of these documents are false. But all parties agree that at least some are. We are not compelled to resolve this factual dispute.
[2] The Government does not allege that Rane's counsel knowingly participated in this fraud, and the record before us does not suggest that Rane's counsel was aware that the documents submitted were false.

the acceptance of responsibility points [reduction]." A43. The District Court made particular note of the "time period" in which the fraudulent documents were submitted—"post-plea prior to sentencing," A43, during "the time that [Rane] allegedly was taking responsibility for the offense," A54,—and the "number of times" Rane acted fraudulently—amounting to "over three years" of fraudulent conduct. *Id.*

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

The question before us is whether the District Court "applied the incorrect legal standard [in] determining whether Mr. Rane's obstructive conduct disqualified him" from receiving a sentencing reduction for acceptance of responsibility. Appellant's Br. at 14.

This is a question of law, and one that Rane's counsel preserved before the District Court. As such, our review is plenary. *United States v. Adair*, 38 F.4th 341, 355 (3d Cir. 2022).

## III. DISCUSSION

The Sentencing Guidelines authorize a sentencing judge to reduce a defendant's offense level if the judge finds that "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). The defendant bears the burden of proving entitlement to this reduction. *Id.*; *United States. v. Muhammad*, 146 F.3d 161, 167 (3d Cir. 1998). Entry of a guilty plea constitutes "significant evidence of acceptance of responsibility . . . [, h]owever, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance." U.S.S.G. § 3E1.1 cmt. n. 3.

4

For example, "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. §3E1.1 cmt. n.4. "There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." *Id.*

Rane has failed to show that this is an extraordinary case. Rane lied—repeatedly—to a federal court in an effort to delay his sentence and receive a lesser penalty. Having been found out, Rane now admits his deceptive conduct but argues nonetheless that the District Court erred.

His legal arguments are to no avail. Rane's suggestion that the District Court applied a conflicting "legal standard adopted by [the] Eighth Circuit in *United States v. Honken,* 184 F.3d 961, 968 (8th Cir. 1999)" is incorrect. Appellant's Br. at 16. The District Court made its determination based on the "totality of the circumstances," A43, the same standard cited in *United States v. Lessner*, 498 F.3d 185, 199 (3d Cir. 2007) (citing *United States v. McDowell*, 888 F.2d 285, 295 n.2 (3d Cir. 1989)). In evaluating the "totality of the circumstances," the District Court looked to several factors set out by the Eighth Circuit in *Honken*, including whether (a) the obstruction was "an isolated incident," (b) the defendant "voluntarily terminated" the obstruction, (c) the defendant pleaded guilty, and (d) the defendant aided the prosecution. *Honken*, 183 F.3d at 968–69. Looking to these factors is consistent with *Lessner*'s "totality" based inquiry, not contrary to it.

Rane's other legal arguments also fail. Despite Rane's suggestion to the contrary, a defendant need not deny guilt or offer a defense to be denied an adjustment for acceptance of responsibility. Defendants have been denied an adjustment for acceptance of responsibility for attempting to avoid trial by feigning mental incompetence, *United States v. Batista*, 483 F.3d 193, 197–98 (3d Cir. 2007), failing to show remorse, *Lessner*, 498 F.3d at 200–01; *Muhammad*, 146 F.3d at 168, encouraging a witness to commit perjury before a grand jury, *McDowell*, 888 F.2d at 292–93, and fleeing custody, *United States v. Miller*, 77 F.3d 71, 74–75 (4th Cir. 1996). None of these circumstances involve denying guilt, and yet they all form a valid basis on which to deny an adjustment because they show a lack of acceptance of responsibility. That the conduct occurred after entry of a plea similarly posed no barrier to the District Court's holding. *See Lessner*, 498 F.3d at 200 (considering conduct at sentencing in evaluating acceptance of responsibility).

In sum, Rane bore the burden of demonstrating his acceptance of responsibility. *Muhammad*, 146 F.3d at 167. He failed to meet that burden when he lied to a federal court in an attempt to delay and diminish his sentence. The decision below was not in error, and we will affirm.