**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr><td>

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

DANIEL L. BONNETT,
*Defendant-Appellant.*

</td><td>

No. 15-10557

D.C. No.
2:13-cr-00210-JAM-1

OPINION

</td></tr>
</table>

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted September 13, 2017
San Francisco, California

Filed October 10, 2017

Before: Mary M. Schroeder and Richard C. Tallman,
Circuit Judges, and Robert H. Whaley,[*] District Judge.

Per Curiam Opinion

---

[*] The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

## SUMMARY[**]

### Criminal Law

Affirming a sentence for receipt and distribution of child pornography, the panel held that malingering may support an obstruction of justice enhancement pursuant to U.S.S.G. § 3C1.1.

The panel explained that without any factual objections to resolve, there was no violation of Fed. R. Crim. P. 32. The panel rejected the defendant's challenge to an enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(B) (2015) for distribution of pornography for a "thing of value."

### COUNSEL

Michael B. Bigelow (argued), Sacramento, California, for Defendant-Appellant.

Matthew G. Morris (argued), Assistant United States Attorney; Camil A. Skipper, Appellate Chief; Phillip A. Talbert, United States Attorney; United States Attorney's Office, Sacramento, California; for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

PER CURIAM:

Daniel Bonnett appeals his sentence following his guilty plea to one count of receipt and distribution of child pornography under 18 U.S.C. § 2252(a)(2).  He received a below guideline sentence of 15 years' imprisonment followed by 25 years of supervised release.  He challenges the two-level adjustment for obstruction of justice pursuant to U.S.S.G. § 3C1.1 and the five-level enhancement for distributing child pornography for a thing of value pursuant to U.S.S.G. § 2G2.2(b)(3)(B).

The issue of first impression in this Circuit is whether an obstruction of justice enhancement may be founded upon a finding of malingering.  The basis for the finding in this case was the court-ordered Psychiatric Evaluation that concluded Bonnett was feigning incompetency.  Supporting the district court's finding of intentional malingering were observations that his institutional behavior differed when he was dealing with medical personnel than when he was interacting with other staff or fellow inmates, as well as his refusal to participate in the tests and medical examination intended to assist in the evaluation of his mental condition.  Bonnett also refused to complete tests specifically designed to check for malingering and made damaging admissions on recorded jail phone calls with his wife.

In his briefs, Bonnett nonetheless contends that permitting an obstruction of justice enhancement on the basis of his performance in a competency evaluation chills his exercise of the right to obtain a competency hearing.  This is the same argument that has been raised and rejected in at least four

other Circuits.  *See United States v. Wilbourn*, 778 F.3d 682, 684 (7th Cir. 2015); *United States v. Batista*, 483 F.3d 193, 197–98 (3d Cir. 2007); *United States v. Patti*, 337 F.3d 1317, 1325 (11th Cir. 2003); *United States v. Greer*, 158 F.3d 228, 236–38 (5th Cir. 1998).  The lead decision is *Greer*, which relied on the Supreme Court's decision in *United States v. Dunnigan*, 507 U.S. 87 (1993).  There, the Supreme Court upheld an obstruction enhancement for a defendant who had committed perjury.  *Dunnigan*, 507 U.S. at 96.  The Supreme Court held that the enhancement was justified on the basis of the defendant's conduct.  *Id.* at 95–96.  The Court held further that the enhancement did not chill the right to testify on one's own behalf, because a defendant's right to testify does not incorporate a right to lie.  *Id.* at 96.

The Fifth Circuit in *Greer* pointed out that a defendant similarly has the right to ensure his competency to stand trial, but he does not have the right to pretend he is not competent to stand trial.  158 F.3d at 237 ("While a criminal defendant possesses a constitutional right to a competency hearing if a bona fide doubt exists as to his competency, he surely does not have the right to create a doubt as to his competency or to increase the chances that he will be found incompetent by feigning mental illness.").  The other Circuits have followed suit.  *See, e.g.*, *Batista*, 483 F.3d at 197 (rejecting defendant's claim that obstruction enhancement based on malingering would chill his right to have a competency hearing).

We join the other Circuits in holding that malingering may support an obstruction of justice enhancement pursuant to U.S.S.G. § 3C1.1.  The government has correctly pointed out that this conclusion is a corollary to our previous holding that refusal to participate in court-ordered testing can support

such an enhancement. *See United States v. Fontenot*, 14 F.3d 1364, 1372 (9th Cir. 1994).

Bonnett also contends that the District Court failed to resolve factual disputes pursuant to Federal Rule of Criminal Procedure 32. While it is true the District Court made no factual findings, this was because the defendant did not dispute any facts contained in the Presentence Report or the Psychiatric Evaluation. He had a full opportunity to review both. The factual basis for the malingering enhancement was apparent from these documents. Without any factual objections to resolve, there was no violation of Rule 32.

Bonnett additionally challenges the enhancement for distribution of pornography for "a thing of value." *See* U.S.S.G. § 2G2.2(b)(3)(B). Because the District Court sentenced Bonnett on November 17, 2015, we apply the 2015 Guidelines Manual. *See* U.S.S.G. § 1B1.11(a). The record shows that Bonnett traded child pornography portraying young girls for child pornography portraying young boys. The online references to trading "girl stuff" for "boy stuff" are clearly indicative of such a trade, and one involving items of value. There was no objection to the underlying facts as described in the Presentence Report and hence, again, no violation of Rule 32.

Accordingly, Bonnett has no legal or factual basis to challenge either the obstruction of justice or pornography distribution enhancements. His sentence is **AFFIRMED.**