**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4514**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ABDUL KARIM BANGURA, a/k/a AJ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:17-cr-00080-AJT-2)

Submitted: March 28, 2019                    Decided: April 5, 2019

Before GREGORY, Chief Judge, and THACKER and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Rebecca Sue Colaw, REBECCA S. COLAW, PC, Suffolk, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Maureen C. Cain, Assistant United States Attorney, Kyle P. Reynolds, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In June 2017, a federal grand jury returned a superseding indictment charging Abdul Karim Bangura with four counts stemming from his sexual exploitation of a 15-year-old girl: conspiracy to engage in sex trafficking of a minor, in violation of 18 U.S.C. § 1594(c) (2012) (Count 1); sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), (c) & 2 (2012) (Count 2); transportation of a minor with intent to engage in prostitution, in violation of 18 U.S.C. § 2423(a) (2012) (Count 3); and production of child pornography, in violation of 18 U.S.C. § 2251(a) (2012) (Count 4). After jury selection on the day the trial was set to commence, Bangura entered a guilty plea, without a plea agreement, to all four counts. Five weeks later, Bangura fired his court-appointed attorney, and prison guards saw him engaging in bizarre behavior.

The district court granted counsel's motion to withdraw and appointed new counsel who filed a successful motion for a competency evaluation. After a months-long evaluation at the Federal Medical Center in Devens, Massachusetts ("FMC Devens"), Dr. Shawn E. Channell, a forensic psychologist, diagnosed Bangura with malingering and antisocial personality disorder. Dr. Channell concluded that Bangura "deliberately malingered symptoms of mental illness in order to manipulate the outcome of his legal case." (J.A. 345).[1] He further determined that Bangura was "not suffering from a mental illness rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist in his defense." (J.A.

_____

[1] Citations to the "J.A." refer to the joint appendix submitted by the parties.

345). Therefore, Dr. Channell concluded that Bangura was competent for purposes of the legal proceedings.

The district court set the case for sentencing. Bangura then moved to withdraw his guilty plea on the ground that he was not competent and hence could not have knowingly and voluntarily pled guilty. Following a hearing, the district court denied the withdrawal motion. The court subsequently sentenced Bangura to 186 months' imprisonment, a significant downward variance from his Sentencing Guidelines range of life in prison. Bangura timely appealed.

On appeal, Bangura first argues that the district court erred in denying his motion to withdraw his guilty plea. Second, he claims that he was denied effective assistance of counsel. Finally, Bangura contends that the district court erred in applying a two-level enhancement for obstruction of justice. For the reasons that follow, we affirm.

I.

Bangura asserts that the district court erred in denying his motion to withdraw his guilty plea, arguing that, based on Bangura's mental health history—which his first trial counsel failed to investigate—his guilty plea was not knowing and voluntary. We review for abuse of discretion the denial of a motion to withdraw a guilty plea. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). To withdraw a guilty plea prior to sentencing, a defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The defendant bears the burden of demonstrating that withdrawal should be granted." *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (alteration and internal quotation marks omitted).

3

In deciding whether to grant a motion to withdraw a guilty plea, the district court typically considers the following six factors announced in *United States v. Moore*, 931 F.2d 245 (4th Cir. 1991) (the "*Moore* factors"):

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion to withdraw the plea; (4) whether the defendant had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

*Nicholson*, 676 F.3d at 388 (citing *Moore*, 931 F.2d at 248).  Although the district court did not discernibly step through all of the *Moore* factors, we conclude that it did not abuse its discretion in determining that Bangura failed to establish grounds for withdrawing his guilty plea.

With regard to the first *Moore* factor, we closely scrutinize the plea colloquy and, if the Fed. R. Crim. P. 11 proceeding was adequate, attach a strong presumption that the plea is final and binding.  *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).  Here, the district court substantially complied with Rule 11 in accepting Bangura's guilty plea, creating a strong presumption that his plea was final and binding.

Bangura challenges the adequacy of the district court's inquiry into his medications and mental health.  Prior to accepting a defendant's guilty plea, it is the responsibility of the court to determine that the defendant is competent to enter the plea. *United States v. Damon*, 191 F.3d 561, 564 (4th Cir. 1999).  The standard for competence to plead guilty "is the same as that for competence to stand trial:  whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of

4

rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" *United States v. Moussaoui*, 591 F.3d 263, 291 (4th Cir. 2010) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)). Rule 11 requires the court to personally inform the defendant of, and ensure he understands, the possible consequences of pleading guilty and the nature of the charges he is facing. *Damon*, 191 F.3d at 564. Thus, when an answer given by the defendant during a plea colloquy "raises questions about the defendant's state of mind, the court must broaden its inquiry to satisfy itself that the plea is being made knowingly and voluntarily." *Id*. at 565.

Throughout the Rule 11 hearing, Bangura was cooperative and gave responsive answers to the questions posed by the court. Bangura represented to the court that he was not under the influence of any drug or medication that affected his ability to understand the charges or the nature of the proceedings and that he was receiving care for a mental health condition that did not affect his ability to understand the charges or the nature of the proceedings. Bangura contends on appeal that the court should have further pursued this issue by asking him to identify the mental condition for which he was receiving treatment and whether there were medicines he was supposed to be taking and whether he was properly medicated in jail.

As far as medications, Bangura had already informed the court that he was not taking any drugs or medicine that affected his ability to understand the proceedings. The court followed up Bangura's affirmation that he was under medical care for a mental health condition by asking Bangura whether that condition affected his ability to

5

understand the proceedings, and Bangura answered that it did not. The court then asked counsel if Bangura was competent to enter his plea, which counsel answered that he was. No more was required of the court, and we conclude that Bangura has not offered credible evidence that his plea was not knowing and voluntary.

With respect to the second *Moore* factor, to credibly assert legal innocence, a defendant must "present evidence that (1) has the quality or power of inspiring belief, and (2) tends to defeat the elements in the government's prima facie case or to make out a successful affirmative defense." *Thompson-Riviere*, 561 F.3d at 353 (citations and internal quotation marks omitted). In this case, there was overwhelming evidence of Bangura's guilt of all charges, including Bangura's own *Mirandized*[2] confession and the victim's statement, which was corroborated by independent evidence such as text messages and a video recording of sex acts Bangura engaged in with the victim. Bangura argues that, in seeking to withdraw his guilty plea, his second attorney could not determine whether a claim of legal innocence could be presented to the court because of Bangura's "mental infirmities." However, Bangura's competency evaluation indicated that he was malingering the symptoms of mental illness. Bangura did not credibly assert legal innocence.

Turning to the third *Moore* factor, delay, Bangura pled guilty on August 8, 2017, but did not move to withdraw his guilty plea until May 7, 2018, nine months after entering his plea. Bangura's appellate counsel asserts that the delay was only 59 days,

_____

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

6

arguing that the time between the filing of the motion for a competency hearing and the completion of the competency evaluation should be excluded. Because Bangura was found to be malingering his symptoms of mental illness, we conclude that this time is not excludable. In any event, we have found that delays of as little as six weeks—less time than the delay conceded by Bangura in this case—are long enough to militate against the granting of a defendant's motion to withdraw. *Moore*, 931 F.2d at 248.

As to the fourth *Moore* factor, Bangura claims that he did not receive the close assistance of competent counsel during the plea process.

> [A] defendant seeking to establish that he is entitled to withdraw his plea because he did not receive close assistance of counsel must demonstrate that counsel performed deficiently and that, but for counsel's errors, the defendant would not have pled guilty and would instead have insisted on proceeding to trial.

*United States v. Faris*, 388 F.3d 452, 459 (4th Cir. 2004).

At his Rule 11 hearing, Bangura expressed satisfaction, under oath, with the services of the attorney who represented him through the guilty plea stage of the proceedings. *See Christian v. Ballard*, 792 F.3d 427, 444 (4th Cir. 2015) (recognizing that "solemn declarations in open court carry a strong presumption of verity" (alterations and internal quotation marks omitted)). On appeal, Bangura contends that counsel performed deficiently by failing to fully investigate his mental health history. However, the record on appeal reveals no basis for counsel to question his client's competency through the guilty plea stage of the proceedings. Bangura also alleges counsel's performance was deficient because he failed to interview witnesses prior to the entry of the guilty plea, but the only witness Bangura identifies is his mother. Although

7

Bangura's mother could have provided information about her son's mental health, Bangura's conduct gave counsel no reason to question her about Bangura's competency. We conclude that Bangura failed to credibly assert that he was deprived close assistance of competent counsel.

Finally, the fifth and sixth *Moore* factors also supported the denial of Bangura's motion to withdraw his guilty plea. Prejudice to the Government and a waste of judicial resources are inherent in allowing the withdrawal of a guilty plea, *see United States v. Sparks*, 67 F.3d 1145, 1154 n.5 (4th Cir. 1995) (noting that withdrawal of plea "almost invariably" results in judicial waste and prejudice to Government), and are apparent here, where Bangura waited until the day of trial to enter his guilty plea. Accordingly, we conclude that the district court did not abuse its discretion in denying Bangura's motion to withdraw his guilty plea.

## II.

Next, Bangura argues that both of his trial attorneys provided ineffective assistance of counsel. He alleges both attorneys were ineffective for failing to fully investigate his mental health history and that the attorney who was appointed after Bangura pled guilty and represented him through sentencing was ineffective for failing to (1) get a second opinion concerning the competency evaluation performed at FMC Devens; and (2) cross-examine the forensic psychologist who prepared the report.

To succeed on a claim of ineffective assistance, Bangura must show that trial counsel's performance was constitutionally deficient and that such deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the

8

performance prong, Bangura must demonstrate that trial counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id.* at 688. With regard to the prejudice prong, Bangura must demonstrate "that there is a reasonable probability that, but for [trial] counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Claims of ineffective assistance generally are not cognizable on direct appeal. *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018). To allow for adequate development of the record, a defendant must bring his ineffective assistance claims in a 28 U.S.C. § 2255 (2012) motion. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). An exception exists, however, where "the record conclusively shows ineffective assistance." *Id.*

We conclude that it does not conclusively appear on the face of the record that Bangura was denied effective assistance of trial counsel. Accordingly, Bangura should pursue these claims, if at all, in a § 2255 motion.

III.

Finally, Bangura challenges the district court's application of an obstruction of justice enhancement in calculating his Sentencing Guidelines range. "In assessing whether a sentencing court has properly applied the Guidelines, we review factual findings for clear error and legal conclusions de novo." *United States v. Thompson*, 874 F.3d 412, 414 (4th Cir. 2017) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 1179 (2018); *see United States v. Andrews*, 808 F.3d 964, 970 (4th Cir. 2015) (applying

9

clear error standard in reviewing district court's imposition of obstruction of justice enhancement). "Under the clearly erroneous standard, a district court's determination should be affirmed unless the [c]ourt is left with the definite and firm conviction that a mistake has been committed." *Padilla v. Troxell*, 850 F.3d 168, 174 (4th Cir. 2017) (internal quotation marks omitted).

The Guidelines provide for a two-level enhancement:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct.

U.S. Sentencing Guidelines Manual § 3C1.1 (2016). Here, the court applied the enhancement on the ground that Bangura malingered symptoms of mental illness throughout the sentencing phase of the proceedings.

Bangura argues that the enhancement was improper because it was his attorney, rather than Bangura himself, who requested the competency hearing. But this argument neglects to consider that counsel requested the competency evaluation only because of Bangura's behavior, and the forensic report following Bangura's competency evaluation determined that Bangura deliberately malingered his symptoms of mental illness to try to manipulate the outcome of his case. On this record, we conclude that the district court did not clearly err in applying the obstruction of justice enhancement. *See United States v. Wilbourn*, 778 F.3d 682, 684 (7th Cir. 2015) (rejecting defendant's argument that the obstruction enhancement should not apply because counsel—not defendant—requested

10

the evaluation; court found that if defendant had not lied to the psychologist, the psychologist could have quickly determined that defendant was competent).

Bangura also contends that the obstruction of justice enhancement is not intended to punish a defendant for exercising his constitutional right to a competency hearing. However:

> [A]pplying the obstruction enhancement to defendants who willfully feign incompetency in order to avoid trial and punishment does not unconstitutionally chill a defendant's right to seek a competency hearing. While a criminal defendant possesses a constitutional right to competency hearing if a bona fide doubt exists as to his competency, he surely does not have the right to create a doubt as to his competency or to increase the chances that he will be found incompetent by feigning mental illness.

*United States v. Patti*, 337 F.3d 1317, 1325 (11th Cir. 2003) (quoting *United States v. Greer*, 158 F.3d 229, 237-38 (5th Cir. 1998)). Under the facts of this case, there was no constitutional violation concerning the obstruction of justice enhancement.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

11